UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
KENNETH HASLINGER,

                    Plaintiff,

V.

WESTCHESTER COUNTY; CORRECTIONAL
OFFICER JANE DOE,

                    Defendant.
----------------------------------------X

**18CV5619**

VERIFIED COMPLAINT

42 U.S.C. Sec. 1983

JURY TRIAL DEMANDED

Plaintiff Pro se states as follows:

## PRELIMINARY STATEMENT

1. This is a combined 42 U.S.C. Sec. 1983 and state tort action being filed against defendant's for their failure to protect Plaintiff which resulted in Plaintiff being attacked by a fellow inmate, and suffering serious physical injuries.

## PARTIES TO THE ACTION

2. Plaintiff KENNETH HASLINGER, was at all times relevant a citizen of the United States of America confined to the Westchester County Jail ("WCJ").

3. Defendant Westchester County, was at all times relevant a corporate, Municipal, Subdivision of the State of New York responsible for all the customs, polices, and usages within the WCJ.

4. Defendant Jane Doe, was at all times relevant a Corr-

ectional Officer assigned to the booking area of the facility.

## JURISDICTION & VENUE

5. This Court has jurisdiction over Plaintiff's claims Pursuant to 28 U.S.C. Sec.'s 1331, and 1343, and his claims arising out of the violations of the Eighth and Fourteenth Amendments to the U.S. Const.

6. The venue is proper in the Southern District of New York as the act(s) or omissions complained of herein occurred in this District, therefore the venue is proper.

7. A proper Notice of Claim was served upon Westchester County; however, 30 days have elapsed and the underlying claims have yet to be settled or otherwise disposed of.

8. This Court has supplemental jurisdiction over Plaintiff's state tort claims Pursuant to 28 U.S.C. Sec 1367.

9. Defendant's are jointly liable Pursuant to C.P.L.R. 1632.

## FACTS SPECIFIC TO MR. HASLINGER

10. Plaintiff hereby asserts that on April 22, 2018 he was transported to the WCJ. During the Intake process Plaintiff informed defendant Jane Doe, that he had a known enemy named Dennis Rooney, and he expressly requested a keep separate order,

but was told "he's not even in our system; We're not doing that." Accordinly, Plaintiff was denied a protective order despite his proclammation that he had a known enemy.

11. On information, and belief, it was a direct contravention to established WCDOC policies, to deny Plaintiff a protective order.

12. In or around April 24, 2018 a mere two days later Dennis Rooney arrived at 3NW housing where Plaintiff was housed and attacked Plaintiff, causing Plaintiff a constellation of serious physical injuries including multiple fractures in his neck, and a fractured eye socket.

13. Plaintiff was rushed to the emergency room for treatment, and subsequently transferred to the infirmary section of the facility for treatment, and therapy.

14. Plaintiff asserts that WCJ has had a widespread pattern of failing to adequately protect inmates from harm.

15. The following cases evidence a pattern of failing to protect inmates from harm while WCJ custody:

        . Gomez Vs Westchester County, 12-Cv4068
          S.D.N.Y.

. Melvin V. County of Westchester
14Cv.2995(KMK).

16. On information and belief, there are over 20 similar cases filed in this same court.

17. Plaintiff respectfully request that the honorable court take judicial notice of the foregoing cases.

### INJURIES

- Mental Anguish;
- Fractured eye socket;
- Fractured neck;
- unnecessary pain and suffering;
- emotional trauma and distress;
- Loss of furture employment oportunity;
- Furture medical expenses;
- Hospital expenses;
- Pharmacutical expenses;
- Physical theraphy;
- cost & disbursement.

18. As a direct and proximate result of defendant's actions or omissions Plaintiff has or will suffer the foregoing injuries and seeks redress.

## COUNT I CLAIMS OF FAILURE TO PROTECT AGAINST WESTCHESTER COUNTY, AND JANE DOE

19. Plaintiff hereby incorporates and references the foregoing paragraphs and further alleges as follows:

20. Here defendants had sufficient notice that Plaintiff had a known enemy, consciously chose to not issue him a Keep-Separate order. As a result Plaintiff suffered the injuries cited <u>supra</u>.

## COUNT II CLAIMS OF RESPONDEAT SUPERIOR AGAINST WESTCHESTER COUNTY

21. Plaintiff hereby incorporates and references the foregoing paragraphs and further alleges as follows:

22. Here defendant is liable for the tortious acts or omissions of his employee's. Defendant is and was responsible for the acts of Westchester County Jail employee's.

23. As a direct and proximate result of defendant's actions Plaintiff was injured.

## COUNT III CLAIMS OF GROSS NEGLIGENCE AGAINST WESTCHESTER COUNTY AND JANE DOE

24. Plaintiff hereby incorporates and references the foregoing paragraphs and further alleges as follows:

25. Defendants here where placed on notice of Plaintiff's potential enemy, but recklessly with a complete disregard for his safety; and in direct contravention to WCJ established policies refused to issue Plaintiff a Keep Separate order as a direct and proximate result of defendants omissions, Plaintiff was subsequently attacked, and suffered the injuries stated <u>supra</u>.

26. As a direct and proximate result of defendant's actions Plaintiff was injured and seeks redress.

## COUNT IV MONELL CLAIMS AGAINST WESTCHESTER COUNTY

27. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

28. Defendant Westchester County has created and/or maintained a policy at WCDOC that violates its inmates civil rights. Here defendant refuses to issue keep seperate orders for inmates if their enemy or assailant is not incarcerated at the WCDOC at the time that the request is made thus exposing the inmate to a preventable assault.

29. Therefore, WCDOC fails to adequately protect inmates from a known harm.

30. As a result Plaintiff was injured.

31. Plaintiff asserts that WCDOC had sufficient knowledge that the inmate that Plaintiff was seeking a protective Keep seperate order from was dangerous and a threat to the safety and security of the jail through said inmates present and past violent history i.e. assaults on numerous correctional officers, and inmates,

32. During the present confinement said indivdual has assaulted numerous inmates, and correctional staff.

33. On belief, the inmate in question has caused serious physical injuries to WCDOC correctional officer causing their retirement, and awarding himself additional jail time as a result.

34. According, officials of WCDOC could not reasonably allege that they had no knowledge that said inmate was a threat.

35. On information and belief, during Plaintiff's intake Correctional Officer Jane Doe noted that Plaintiff indicated that he had a known enemy "Dennis Rooney".

## COUNT V STATE CLAIMS OF NEGLIGENT, RETENTION AND HIRING AGAINST WESTCHESTER COUNTY

36. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

37. Defendant here negligently hired a correctional officer(s) who were not competent, and could not forsee an obvious threat of violence that caused Plaintiff serious physical injuries.

38. As a direct and proximate result of defendants actions or omissions Plaintiff was damaged.

## COUNT VI CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS

39. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

40. Defendant(s) actions and/or omissions were deliberate, and the result of an unconstitutional policy, and caused Plaintiff to suffer the injuries cited <u>supra</u>.

**Plaintiff hereby request the following relief:**

    a. Comepensatory damages in the amount of $ 2,000,000.00;
    b. Punitive Damages in the amount of $ 2,000,000.00;
    c. Nominal Damages;
    d. Declaratory Jugdment that Plaintiff's rights were violated under the 8th & 14th Amendments to the U.S. Const.

or as a jury may determine, but no less than $2,000,000.

    e. Presumbed damages;

    f. Cost & Disbursements;

    g. Special Damages in the amount of $3,000,000;

    h. Attorney Cost Pursuant to 28 U.S.C. 1988.

## DECLARATION UNDER PENALTY OF PERJURY

I KENNETH HASLINGER, declare under penalty of perjury Pursuant to 28 U.S.C. Sec. 1746 that I have read the Verified Complaint and state that it is true and Correct Pursuant to my knowledge, except for the matters that I allege to be on information and belief and even those matters I believe them to be true. Executed on June 14, 2018.

Dated: Valhalla, New York
      June 14, 2018

*[signature]*
Pro Se Kenneth Haslinger
P.O. BOX¢ 10
Westchester County Jail
Valhalla, New York 10595
JID246141

KENNETH HASLINGER, 246141
P.O. BOX 10
VALHALLA, N.Y. 10595



LEGAL MAIL



02 1P  $ 001.42⁰
0002712896   JUN 15 2018
MAILED FROM ZIP CODE 10595

To: United States District Court
    Southern District of New York
    Attn: pro Se Clerk
    500 Pearl St.
    New York, New York 10007

USM P3
SDNY



Legal mail...